**MORRIS, Appellant,**

v.

**UNITED OHIO INSURANCE COMPANY, Appellee.**

[Cite as *Morris v. United Ohio Ins. Co.*, 160 Ohio App.3d 663, 2005-Ohio-2025.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 02CA2653.

Decided April 22, 2005.

Gonzales & Rowland, L.L.P., and John M. Gonzales, for appellant.

Freund, Freeze & Arnold and Kevin C. Connell, for appellee.

HARSHA, Judge.

{¶ 1} After reversing our decision in *Morris v. United Ohio Ins. Co.*, Ross App. No. 02CA2653, 2003-Ohio-1708, 2003 WL 1756416, the Supreme Court of Ohio remanded the matter for consideration of an issue we did not reach. Accordingly, we now address Wanda Morris's constitutional challenge to former R.C. 3937.18(K)(2),[1] which stated that the terms "uninsured motor vehicle" and "underinsured motor vehicle" do not include "[a] motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured."

{¶ 2} Mrs. Morris argues that R.C. 3937.18(K)(2) violates the Equal Protection Clauses of the Ohio and United States Constitutions because it discriminates against claimants who are related to the tortfeasor. Moreover, she argues that no rational basis exists to justify this distinction.

{¶ 3} However, we disagree with Mrs. Morris's description of the classification created by R.C. 3937.18(K)(2). R.C. 3937.18(K)(2) is concerned with the tortfeasor's vehicle, not the tortfeasor's identity. Thus, R.C. 3937.18(K)(2) does not discriminate against claimants who are related to the tortfeasor. Rather, it differentiates between insureds injured by a tortfeasor driving a vehicle owned by, furnished to, or available for the regular use of a named insured or his or her family members and insureds injured by a tortfeasor driving a different vehicle.

---

1. This decision deals with former R.C. 3937.18 as amended by Am.H.B. No. 261, effective September 3, 1997, through September 21, 2000.

Since appellant has failed to identify a proper class for analysis, we reject her equal protection claim summarily. Accordingly, we affirm the trial court's judgment.

{¶ 4} In February 2000, Richard Morris was driving a motor home when he rear-ended a semi. His wife, Wanda Morris, was a passenger in the motor home and suffered various injuries as a result of the accident. At the time of the accident, the Morrises had an automobile liability policy with United Ohio Insurance Company. The policy identified Richard and Wanda Morris as the "named insureds" and listed the motor home as a "covered vehicle" in a separate binder for liability and uninsured motorist coverages.

{¶ 5} The liability coverage portion of United Ohio's policy provided:

A. We do not provide Liability Coverage for any insured:

    1. For bodily injury or death to you or any family member.

In addition, the uninsured/underinsured motorist coverage portion of the policy provided:

C. Uninsured motor vehicle means a land motor vehicle or trailer of any type:
    * * *

    4. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insurance company:

       a. denies coverage * * *.

However, the uninsured/underinsured motorist portion also provided:

E. With regard to definition C., uninsured motor vehicle does not include any vehicle or equipment:

    1. Owned by or furnished or available for the regular use of you or any family member.

{¶ 6} Mrs. Morris initially attempted to recover under the liability coverage portion of her husband's policy. However, United Ohio denied coverage based on the Section A.1. exclusion cited above. Apparently, both parties agree that United Ohio properly denied this claim.

{¶ 7} Mrs. Morris subsequently filed a claim for uninsured motorist coverage, but United Ohio denied this claim as well. United Ohio concluded that the motor home could not be an uninsured motor vehicle since the definition in Section E.1., which was authorized by R.C. 3937.18(K)(2), provided that an uninsured motor vehicle did not include a vehicle "owned by or furnished or available for the regular use of you or any family member." Because the Morrises owned the motor home that caused the accident, United Ohio concluded that the motor home was not, by definition, an uninsured motor vehicle.

{¶ 8} In March 2001, Mrs. Morris filed a complaint in the Ross County Court of Common Pleas alleging that United Ohio had wrongfully denied her uninsured motorist claim. She also sought a declaratory judgment that R.C. 3937.18(K)(2) was unconstitutional.[2] After United Ohio filed its answer, both parties filed motions for summary judgment. On summary judgment, Mrs. Morris argued (1) that R.C. 3937.18(J)(1) and (K)(2) were irreconcilable and, therefore, R.C. 3937.18(K)(2) should not be given effect and (2) that R.C. 3937.18(K)(2) violated that Equal Protection Clauses of the Ohio and United States Constitutions. The trial court rejected these arguments and granted summary judgment to United Ohio. The court concluded that R.C. 3937.18(J)(1) and (K)(2) could be reconciled and thus, the statutorily authorized definition of uninsured motor vehicle contained in the policy was valid. Additionally, the court concluded that former R.C. 3937.18(K)(2) did not violate the Equal Protection Clause since the classification it created was reasonably related to the accomplishment of a legitimate governmental interest, i.e., the prevention of collusive lawsuits. For additional factual and procedural background, see *Morris v. United Ohio Ins. Co.*, Ross App. No. 02CA2653, 2003-Ohio-1708, where we reversed the trial court's judgment.

{¶ 9} In September 2004, the Supreme Court of Ohio issued its decision in *Kyle v. Buckeye Union Ins. Co.*, 103 Ohio St.3d 170, 2004-Ohio-4885, 814 N.E.2d 1195, and held that R.C. 3937.18(J)(1) and (K)(2) address different topics and thus do not conflict. Based on its decision in *Kyle*, the Supreme Court of Ohio reversed our decision in *Morris*, Ross App. No. 02CA2653, 2003-Ohio-1708, and remanded the matter for consideration of Mrs. Morris's remaining assignment of error. Thus, we now consider the following assignment of error:

The trial court erred by not declaring former R.C. 3937.18(K)(2) unconstitutional.

{¶ 10} In reviewing a summary judgment, the lower court and appellate court utilize the same standard, i.e., we review the judgment independently and without deference to the trial court's determination. *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411. Summary judgment is appropriate when the movant has established the following: (1) that there is no genuine issue as to any material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence against it construed most strongly in its favor. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, citing *Harless v. Willis Day Warehousing*

---

2. Mrs. Morris notified the Ohio Attorney General of her constitutional challenge to former R.C. 3937.18(K)(2) as required by R.C. 2721.12.

*Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46. See, also, Civ.R. 56(C).

{¶ 11} In her assignment of error, Mrs. Morris argues that R.C. 3937.18(K)(2) violates the Equal Protection Clauses of the Ohio and United States Constitutions. She claims that subsection (K)(2) unconstitutionally differentiates between claimants who are related to the tortfeasor and all other claimants. Moreover, she argues that no rational basis exist to justify this distinction.

{¶ 12} The Equal Protection Clauses of the Ohio and United States Constitutions are "functionally equivalent." *Desenco, Inc. v. Akron* (1999), 84 Ohio St.3d 535, 543–544, 706 N.E.2d 323. Consequently, the standard for determining whether a statute violates equal protection is essentially the same under state and federal law. *Park Corp. v. Brook Park,* 102 Ohio St.3d 166, 169, 2004-Ohio-2237, 807 N.E.2d 913, citing *State v. Thompkins* (1996), 75 Ohio St.3d 558, 561, 664 N.E.2d 926.

{¶ 13} "The Equal Protection Clause prevents the state from treating people differently under its laws on an arbitrary basis." *State v. Williams* (2000), 88 Ohio St.3d 513, 530, 728 N.E.2d 342, citing *Harper v. Virginia State Bd. of Elections* (1966), 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (Harlan, J., dissenting). The Equal Protection Clause does not forbid classifications. Rather, it prevents the state " 'from treating differently people who are in all relevant respects alike.' " *Park Corp.,* 102 Ohio St.3d at 169, 807 N.E.2d 913, quoting *Nordlinger v. Hahn* (1992), 505 U.S. 1, 10, 112 S.Ct. 2326, 120 L.Ed.2d 1.

{¶ 14} R.C. 3937.18 sets forth the requirements concerning uninsured and underinsured motorist coverage. Former R.C. 3937.18(K)(2) stated: "As used in this section, 'uninsured motor vehicle' and 'underinsured motor vehicle' do not include * * * [a] motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured." Mrs. Morris claims that this statutory subsection discriminates against claimants who are related to the tortfeasor. We disagree.

{¶ 15} Under R.C. 3937.18(K)(2), it doesn't matter who the tortfeasor is. The focus of R.C. 3937.18(K)(2) is the vehicle the tortfeasor was driving at the time of the accident. If the tortfeasor was driving a vehicle owned by, furnished to, or available for the regular use of a named insured or his or her family members, then the vehicle will not be considered uninsured or underinsured. See *Kyle,* 103 Ohio St.3d 170, 814 N.E.2d 1195, ¶ 13. This is true regardless of whether the claimant is related to the tortfeasor.

{¶ 16} An example will help illustrate our point. Assume that Mrs. Morris's friend was driving the motor home at the time of the accident. Mrs. Morris's initial attempts to recover liability benefits are unsuccessful, so she files a claim for uninsured motorist coverage under her policy with United Ohio. Under these

circumstances, R.C. 3937.18(K)(2) will preclude coverage since the tortfeasor, Mrs. Morris's friend, was driving a vehicle owned by a named insured.

{¶ 17} As this example demonstrates, the tortfeasor need not be related to the claimant in order for R.C. 3937.18(K)(2) to apply. It is tortfeasor's vehicle, not his identity, that determines whether (K)(2) applies. If the tortfeasor is driving a vehicle owned by, furnished to, or available for the regular use of a named insured or his or her family members, then (K)(2) will preclude coverage. If, on the other hand, the tortfeasor is driving a different vehicle (a vehicle that is not owned by a named insured or a family member of a named insured), then (K)(2) will not preclude coverage. Accordingly, (K)(2) differentiates between insureds injured by a tortfeasor driving a vehicle owned by, furnished to, or available for the regular use of a named insured (or his or her family members) and insureds injured by a tortfeasor driving a different vehicle.

{¶ 18} As the Supreme Court of Ohio has recognized on multiple occasions, where there is no classification, there is no discrimination that would offend the federal or state Equal Protection Clauses. See *Conley v. Shearer* (1992), 64 Ohio St.3d 284, 290, 595 N.E.2d 862. In the absence of a sufficient legal classification, an equal protection analysis is not required. Id. In light of the fact that the appellant has failed to identify the appropriate class, we need not construct one for her in order to proceed with the analysis. This assignment of error has no merit.

{¶ 19} Based upon the Supreme Court's holding in *Kyle* and its reversal of our prior decision in this matter, we affirm the judgment of the trial court.

Judgment affirmed.

ABELE, P.J., and CLINE, J., concur.