**BURNETT, Appellant,**

v.

**MOTORISTS MUTUAL INSURANCE COMPANIES, Appellee, et al.**

[Cite as *Burnett v. Motorists Mut. Ins. Cos.*, 172 Ohio App.3d 455, 2007-Ohio-1639.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 2006–T–0085.

Decided April 6, 2007.

Anzellotti, Sperling, Pazol & Small Co., L.P.A., James L. Pazol, and Raymond J. Tisone, for appellant.

Day Ketterer Ltd. and Merle D. Evans III, for appellee.

MARY JANE TRAPP, Judge.

{¶ 1} This appeal arises from the June 14, 2006 summary judgment of the Trumbull County Court of Common Pleas finding in favor of appellee, Motorists Mutual Insurance Companies, on the public-policy and constitutional issues presented in the former 1997 version of the Uninsured Motorist Statute, R.C. 3937.18(J)(1) and (K)(2).  Because we find that R.C. 3937.18(J) and (K)(2) violate

the Equal Protection Clauses of the Ohio and United States Constitutions, we reverse.

{¶ 2} On March 1, 2001, appellant, Elizabeth Burnett, filed a complaint against appellee, Motorists Mutual Insurance Companies, alleging an uninsured-motorist's claim for injuries sustained in a motor vehicle accident in which she was a passenger in an automobile driven by her husband, Albert Burnett. Appellant's claim had been denied by appellee due to the "intrafamily" exclusions set forth in the liability and uninsured-motorists coverages in the policy between appellee and Mr. Burnett. The trial court initially determined that appellant was entitled to the uninsured-motorists benefits after finding that R.C. 3937.18(J)(1) and (K)(2) were ambiguous and irreconcilable. Thus, the "intrafamily exclusion" was unenforceable, and the uninsured-motorist provision could apply.

{¶ 3} On appeal by appellee, this court reversed the trial court's decision on the basis of the Ohio Supreme Court's holding in *Kyle v. Buckeye Union Ins. Co.*, 103 Ohio St.3d 170, 2004-Ohio-4885, 814 N.E.2d 1195, which held that sections (J)(1) and (K)(2) were not conflicting and ambiguous, but rather unambiguous and complementary. Thus, appellant was denied coverage under the intrafamily exclusion. On remand, the trial court was instructed to address the public-policy and constitutional issues that had not yet been considered or addressed. On June 22, 2006, the trial court granted summary judgment for appellee and dismissed appellant's arguments, which are now before the court.

{¶ 4} Appellant filed a timely motion of appeal and has set forth the following assignment of error:

{¶ 5} "The trial court erred to the prejudice of Plaintiff–Appellant when it granted defendant-appellee's motion for summary judgment."

{¶ 6} **Standard of Review**

{¶ 7} We review a grant of summary judgment de novo. *Lubrizol Co. v. Lichtenberg & Sons Constr., Inc.*, 11th Dist. No. 2004–L–179, 2005-Ohio-7050, 2005 WL 3610468, at ¶ 26, citing *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Thus, we review the trial court's judgment independently and without deference to its determination. *Lubrizol* at ¶ 26.

{¶ 8} "Summary judgment is proper when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come but to one conclusion, and viewing such evidence most strongly in favor the party against whom the motion is made, that conclusion is adverse to that party." *Lubrizol* at ¶ 27, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Thus, if "the moving party has satisfied this initial burden, the

nonmoving party has a reciprocal burden under Civ.R. 56(E) to set forth facts showing there is a genuine issue for trial." *Lubrizol* at ¶ 29.

{¶ 9} **The Intrafamily Exclusion**

{¶ 10} Former R.C. 3937.18(J)(1) and (K)(2) now at issue read:

{¶ 11} "(J) The coverages offered under Division (A) of this section or selected in accordance with Division (C) of this section may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances * * *.

{¶ 12} "(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made * * *.

{¶ 13} "(K) As used in this section, 'uninsured motor vehicle' and 'underinsured motor vehicle' do not include any of the following motor vehicles: * * *

{¶ 14} "(2) A motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured."

{¶ 15} *Kyle's* **Statutory Interpretation**

{¶ 16} The Supreme Court of Ohio explained in *Kyle* that these paragraphs "do not regulate the same thing. Where paragraph (J) states circumstances in which an insured can be denied [uninsured/underinsured motorists insurance] UM/UIM protection, paragraph (K) articulates when a tortfeasor will not be considered uninsured or underinsured. These provisions may function in the alternative or together." *Kyle* at ¶ 17.

{¶ 17} While we respectfully disagree with the majority's determination in *Kyle* that these two code sections do not conflict and find Justice Sweeney's and Justice Pfeifer's dissents more persuasive, we are bound to follow the holding in *Kyle* as to statutory interpretation. However, the constitutionality of these sections was not addressed by the Supreme Court in *Kyle*.

{¶ 18} We examine the constitutional challenges and find appellant's equal protection challenge to have merit. Accordingly, we reverse the judgment of the trial court.

{¶ 19} **Equal Protection Challenge**

{¶ 20} Appellant argues that the intrafamily exclusion found in former R.C. 3937.18(J) and (K)(2) violates the Equal Protection Clauses of the United States and Ohio Constitutions by impermissibly classifying individuals based on familial relations.

{¶ 21} The Equal Protection Clauses of the Ohio and United States Constitutions are "functionally equivalent." *Desenco, Inc. v.* Akron (1999), 84 Ohio St.3d 535, 543–544, 706 N.E.2d 323. Thus, the standard for whether a statute violates equal protection is essentially the same under state and federal law. *Morris v. United Ohio Ins. Co.*, 160 Ohio App.3d 663, 2005-Ohio-2025, 828 N.E.2d 653, at ¶ 12, citing *Park Corp. v. Brook Park*, 102 Ohio St.3d 166, 169, 2004-Ohio-2237, 807 N.E.2d 913, citing *State v. Thompkins* (1996), 75 Ohio St.3d 558, 561, 664 N.E.2d 926.

{¶ 22} Essentially, "[t]he Equal Protection Clause prevents the state from treating people differently under its laws on an arbitrary basis." *Morris* at ¶ 13, citing *State v. Williams* (2000), 88 Ohio St.3d 513, 521, 728 N.E.2d 342, citing *Harper v. Virginia State Bd. of Elections* (1966), 383 U.S. 663, 681, 86 S.Ct. 1079, 16 L.Ed.2d 169 (Harlan, J., dissenting). "Unless a suspect class or a fundamental right is involved, a legislative distinction must bear a rational relationship to a legitimate state interest to comply with the Equal Protection Clause." *Nicoson v. Hacker* (2001), 11th Dist. No. 200–L–213, 2001 WL 1602666, citing *Clements v. Fashing* (1982), 457 U.S. 957, 963, 102 S.Ct. 2836, 73 L.Ed.2d 508.

{¶ 23} The Fourth Appellate District confronted and rejected this very equal protection challenge in *Morris v. United Ohio Ins. Co.*, supra. However, we find that R.C. 3937.18(K)(2) does create an arbitrary and illogical distinction that does not further a legitimate interest and has no rational basis. Thus, R.C. 3937.18(K)(2) is unconstitutional because it impermissibly classifies individuals based upon a familial relation, so that injured persons related to the tortfeasor are precluded from recovery while injured persons not related or even nonresident relatives can pursue recovery under the policy.

{¶ 24} In *Morris*, the Fourth Appellate District held that the focus of (K)(2) was on the vehicle, not on the individual. Specifically, the court stated: "R.C. 3937.18(K)(2) is concerned with the tortfeasor's vehicle, not the tortfeasor's identity. Thus, R.C. 3937.18(K)(2) does not discriminate against claimants who are related to the tortfeasor." Id. at ¶ 3. To follow this logic means that no classifications are created under (K)(2), and thus, no equal protection challenge can be brought. We reject this rationale.

{¶ 25} To say the focus of (K)(2) is solely on the vehicle is to put aside the fundamental fact that vehicles do not drive themselves. The classification of vehicles under (K)(2) is creating an illogical and arbitrary classification of individuals who are injured but may not recover solely because they are related to and live in the household of the insured. The effect of this provision in conjunction with provision (J) does create an arbitrary classification and violates the Equal Protection Clauses of the Ohio and United States Constitutions.

{¶ 26} We do find there to be a legitimate interest and rational basis for defining and limiting the scope of coverage under provision (J) to specifically listed vehicles so that the insurance company can assess their risk and set premiums accordingly. Provision (J) provides for coverage if a vehicle is specifically identified. It ensures that premiums are paid to cover risks for only specifically identified vehicles. This requires the insured to list the vehicle in order to have UM/UIM coverage on that vehicle. However, provision (K)(2) takes away this coverage based on the identity of the driver, not the identity of the vehicle. This creates an arbitrary and illogical distinction. Indeed, the insured believes that part of the premium is being paid for exactly this type of coverage.

{¶ 27} Mr. Burnett specifically listed the vehicle involved in the collision in the policy, and thus, was in accordance with provision (J). Mr. Burnett paid a premium for UM/UIM coverage that applied to this vehicle. However, UM/UIM coverage is being denied solely because the person injured in the specifically listed vehicle that he was driving is a resident family member. This exclusion is clearly based upon the classification of the person and not on the status of the vehicle as the *Morris* court would have us believe. The policy is not covering what the consumer expects it to cover and what by its terms it promises to cover based on an arbitrary distinction of familial status, in effect creating an illusory promise of coverage. No legitimate interest is furthered by this exclusionary effect.

{¶ 28} No legitimate governmental interest can said to be furthered by excluding only injured household members from recovery. The reality is that this anomalous statute has created a situation where those injured between September 3, 1997 through September 21, 2000, are being denied coverage solely due to their status as a household member.

{¶ 29} As Justice Pfiefer noted in his dissenting opinion in *Kyle,* "Fortunately, the General Assembly has amended the statute that, under this court's holding, allows such an anomalous situation to occur. * * * For over three years, every child buckled in a mandatory child-safety restraint and protected by the latest safety designs of our automobile manufacturers was left at critical risk by a gap in basic insurance coverage that this court today finds valid." *Kyle,* 103 Ohio St.3d 170, 2004-Ohio-4885, 814 N.E.2d 1195, at ¶ 35.

{¶ 30} We hold that the former version of R.C. 3937.18(K)(2), effective at the time of this policy[1] was unconstitutional because it created an arbitrary and

---

1. R.C. 3937.18 has since been amended: See S.B. 56, passed in 1999, S.B. 267, passed in 2000, and finally S.B. 97, passed in 2001, which specifically changed R.C. 3937.18(K)(2), to

illogical classification based on household status that has a disparate and unfair effect, is not furthered by a legitimate interest, and has no rational basis. We reverse, finding that appellee's policy affords coverage in this case because the vehicle involved in the collision was listed under the policy as required by (J) and premiums were paid for this coverage.

{¶ 31} The judgment of the trial court is reversed, and this cause is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

O'NEILL, P.J., concurs.

O'TOOLE, J., concurs in judgment only.

now read: "Nothing in this section shall prohibit the inclusion of underinsured motorist coverage in any uninsured motorist coverage included in a policy of insurance."