DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal of a judgment of the Huron County Court of Common Pleas which granted appellee Helen J. Wertz's motion for partial summary judgment and denied appellant American Standard Insurance Company's *Page 2 
motion for partial summary judgment. Because we find the intra-family exclusion of uninsured motorist coverage is enforceable, we reverse.
 {¶ 2} At issue in this case is the operation of an intra-family or household exclusion in an uninsured motorist ("UM") insurance policy. On June 9, 2003, appellee was injured in a motor vehicle accident. Appellee was a passenger in a vehicle owned and operated by her spouse, Ronald L. Wertz.[1] Mr. Wertz and the vehicle were insured under a policy issued by appellant. The policy included UM coverage with the aforementioned exclusion.
 {¶ 3} On June 27, 2006, the trial held that the intra-family exclusion in the policy issued by appellant is against the public policy of Ohio and is unenforceable under R.C. 3937.18. Therefore, the trial court granted appellee's motion for partial summary judgment and denied appellant's motion for partial summary judgment
 {¶ 4} Appellant asserts the following two assignments of error:
 {¶ 5} "1. THE TRIAL COURT ERRED IN DETERMINING THAT APPELLEE WAS ENTITLED TO UNINSURED MOTORIST COVERAGE FROM APPELLANT, AMERICAN STANDARD, FOR DAMAGES SHE SUSTAINED AS A RESULT OF HER HUSBAND'S NEGLIGENT OPERATION OF HIS VEHICLE.
 {¶ 6} "2. THE TRIAL COURT ERRED IN DENYING APPELLANT AMERICAN STANDARD'S MOTION FOR PARTIAL SUMMARY JUDGMENT." *Page 3 
 {¶ 7} Appellate review of a trial court's grant of summary judgment is de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,1996-Ohio-336. Accordingly, we review the trial court's grant of summary judgment independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v. Burt (1996), 75 Ohio St.3d 280, 294, 1996-Ohio-107. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).
 {¶ 8} In the present case, the UM endorsement definitions states in pertinent part:
 {¶ 9} "Uninsured motor vehicle, however, does not mean a vehicle:
 {¶ 10} "a. Owned by or furnished or available for the regularuse of you or any resident of your household."
 {¶ 11} The parties agree that this language is unambiguous and appears to preclude UM coverage for the household vehicle Mr. Wertz was operating at the time of *Page 4 
appellee's injury. However, the parties disagree regarding whether this provision is enforceable under Ohio's UM coverage statute, R.C. 3937.18.
 {¶ 12} The main objective in construing a statute is to determine legislative intent. Featzka v. Millcraft Paper Co. (1980),62 Ohio St.2d 245, 247. To determine the legislative intent, a court must look to the language of the statute. Provident Bank v. Wood (1973),36 Ohio St.2d 101, 105. Words used in a statute are to be taken in their usual, normal, and customary meaning. State ex rel. Pennington v. Gundler,75 Ohio St.3d 171, 173, 1996-Ohio-161, citing R.C. 1.42.
 {¶ 13} The current version of R.C. 3937.18, as amended by S.B. 97, is applicable and provides in pertinent part:
 {¶ 14} "* * * (I) Any policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages may include terms and conditions thatpreclude coverage for bodily injury or death suffered by an insured under specified circumstances, including but not limited to any of the following circumstances:
 {¶ 15} "* * *." (Emphasis added.)
 {¶ 16} Former R.C. 3937.18(K), as enacted by H.B. 261, provided that "uninsured motor vehicle" and "underinsured motor vehicle" do not include "[a] motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured." *Page 5 
 {¶ 17} Appellant argues that the current version of R.C. 3937.18 with division (I)'s non-exclusive ("including but not limited to") list, clearly indicates that various kinds of exclusions are permitted and that the particular intra-family UM policy exclusion at issue is enforceable. Appellee contends that the trial court was correct in concluding that the intra-family exclusion is not enforceable and citesShay v. Shay, 113 Ohio St.3d 172, 2007-Ohio-1384, State AutomobileInsurance Co. v. Pasquale, 113 Ohio St.3d 11, 2007-Ohio-970, andBurnett v. Motorists Mutual Insurance Companies, 8th Dist. No. 2006-T-0085, 2007-Ohio-1639. However, all of these cases are distinguishable from the present case primarily because they did not analyze the current version of R.C. 3937.18 with division (I) which is at issue in the present case. Furthermore, Pasquale did not analyze an intra-family exclusion and Burnett addressed constitutionality arguments not presented in the present case.
 {¶ 18} Clearly, the three appellate districts that have already reviewed the issue have found in favor of enforceability of an intra-family UM coverage exclusion under the language of the current UM coverage statute. Appellant cites two of these cases, Kelly v.Auto-Owners Ins. Co., 1st Dist. No. C-050450, 2006-Ohio-3599 andGreen v. Westfield Ins. Co., 9th Dist. No. 06CA0025-M, 2006-Ohio-5057. In both Kelly and Green, citing R.C. 3937.18(I), the court found an intra-family exclusion was enforceable under the current UM coverage statute. We find these cases, as well as the more recent case ofHoward v. Howard, 4th Dist. No. 06CA755, 2007-Ohio-3940, and the Supreme Court of *Page 6 
Ohio's recent discussion of R.C. 3937.18(I) in Snyder v. American FamilyInsurance Co., 114 Ohio St.3d 239, 2007-Ohio-4004, to be persuasive.
 {¶ 19} Similar to the present case, in Howard, the UM policy excluded from the definition of uninsured motor vehicle "any vehicle * * * owned by * * * you." Further, the appellant in Howard made arguments nearly identical to those being made by appellee in the present case: (1) the legislative decision not to re-enact a provision similar to former R.C.3937.18(K)(2) signaled an intent to prohibit such restrictions to UM coverage; (2) R.C. 3937.18(I) regulates "exclusions" rather than "definitions," and therefore is inapposite; (3) the intra-family provision at issue is invalid because it is not conspicuous. All of these arguments were rejected by the court in Howard.
 {¶ 20} In response to the first argument in Howard, the court found that the Ohio General Assembly could have determined that a provision similar to former R.C. 3937.18(K)(2) was unnecessary in light of the non-exhaustive nature of the list of terms and conditions that insurers may include in the policies under current R.C. 3937.18(I). Id., ¶ 24-25. The court concluded that by adding R.C. 3937.18(I), "`* * * the legislature sought to `deregulate' such policies, leaving to the parties whether any preconditions or exclusions to coverage will govern their relationship.'" Id., ¶ 19 quoting Snyder v. American Family InsuranceCo., 10th Dist. No. 05AP-116, 2005-Ohio-6751, ¶ 22. Rejecting the second argument, the court found that R.C. 3937.18(I) does not distinguish whether the permitted "terms and conditions that preclude coverage" must be in the form of a "definition" or an "exclusion." Id., ¶ 32. Finally, regarding the third argument, the *Page 7 
court concluded that the unambiguous language of exclusion was not hidden and that the appellant only had to read the policy to discover this exclusion for vehicles that she and her husband own. Id., ¶ 36.
 {¶ 21} Lastly, the Supreme Court of Ohio has recently noted the expansive language of R.C. 3937.18(I) in Snyder v. American FamilyInsurance Co., 114 Ohio St.3d 239, 2007-Ohio-4004. Although the case did not involve an intra-family exclusion, in reference to R.C. 3937.18(I), the court stated that it "* * * permits policies with uninsured-motorist coverage to limit or exclude coverage under circumstances that are specified in the policy even if those circumstances are not alsospecified in the statute." (Emphasis added.) Id., ¶ 15. The court further noted the clear legislative intent behind enacting the current R.C. 3937.18(I) as follows: "* * * permitting the parties to agree to coverage exclusions not listed in the statute provides insurers considerable flexibility in devising specific restrictions on any offered uninsured-or underinsured-motorist coverage." Id. Thus, the court held that a policy provision limiting the insured's recovery of uninsured-or underinsured-motorist benefits to amounts which the insured is "legally entitled to recover" is enforceable. Id., ¶ 29. Likewise, we believe that the Supreme Court of Ohio would find the intra-family exclusion enforceable under the current UM coverage statute.
 {¶ 22} Similar to Howard, Kelly and Green, we find that the intra-family coverage exclusion in the UM policy is enforceable under R.C. 3937.18(I). Appellant's two assignments of error are well-taken. *Page 8 
 {¶ 23} The judgment of the Huron County Court of Common Pleas is reversed, and the case is remanded for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., CONCUR.
[1] Appellee eventually dismissed her claim against her spouse, leaving appellant as the only defendant. *Page 1