OPINION
{¶ 1} Plaintiff-appellant Lori Lawrence appeals a judgment of the Coshocton County Court of Common Pleas, which granted summary judgment in favor of defendant-appellee All American Insurance Company. Appellant states the court's decision is incorrect on three propositions of law:
 {¶ 2} "I. THE HOUSEHOLD EXCLUSION IS NOT PROVIDED FOR IN THE CURRENT VERSION OF O.R.C. SECTION 3937.18 AND IS, THEREFORE, INVALID AND UNENFORCEABLE.
 {¶ 3} "II. THE LEGISLATIVE HISTORY OF O.R.C. 3937.18 EVIDENCES THE LEGISLATURE'S INTENT TO ELIMINATE THE HOUSEHOLD EXCLUSION.
 {¶ 4} "III. AMBIGUITIES IN INSURANCE POLICIES SHOULD BE INTERPRETED LIBERALLY IN FAVOR OF COVERAGE."
 {¶ 5} On October 19, 2002, appellant was a passenger in a motor vehicle, operated by defendant Lindsey Lawrence, appellant's 15-year-old daughter, who is not a party to this appeal. Lindsey negligently caused a single car accident in which appellant suffered bodily injuries.
 {¶ 6} Appellant owned the automobile, which was specifically identified as an insured vehicle in the insurance policy issued by appellee to appellant. No bodily injury liability insurance coverage existed for appellant's injuries, and appellant is not disputing *Page 3 
the lack of liability coverage. Appellee denied uninsured motorist coverage based on the policy provision an "uninsured motor vehicle" does not include any vehicle "owned by or furnished or available for the regular use of you or any `family member'".
 {¶ 7} Appellant filed a complaint against her daughter Lindsey and appellee on October 15, 2004. Appellant partially voluntarily dismissed her claims against appellee on July 12, 2005, but filed an Amended Complaint on April 17, 2006, re-asserting her claim for uninsured motorist coverage benefits. Appellee filed its Motion for Summary Judgment on July 6, 2006, which the trial court granted on September 6, 2006.
 {¶ 8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212.
 {¶ 9} Civ. R. 56(C) states, in pertinent part:
 {¶ 10} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *Page 4 
 {¶ 11} Pursuant to the above-stated rule, a trial court may not grant summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment, on the ground that the non-moving party cannot prove its case, bears the initial burden of informing the trial court of the basis for its motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the non-moving party's claim. The moving party cannot discharge its initial burden under Civ. R. 56 simply by making a conclusory assertion that the non-moving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the non-moving party has no evidence to support the non-moving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the non-moving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party.Vahila v. Hall (1997), 77 Ohio St.3d 421, 429 citing Dresher v.Burt (1966), 75 Ohio St.3d 280.
 I, II, III {¶ 12} All of appellant's propositions of law address the court's ruling on the summary judgment motion. As such, we will address appellant's arguments together.
 {¶ 13} Appellant argues resolution of this appeal requires interpreting R.C. 3937.18(I)(1) and its application to what has traditionally been referred to as the *Page 5 
"household exclusion" in uninsured/underinsured motorist coverage policies. Appellant suggest we review the legislative history of the statute.
 {¶ 14} H.B. 261, effective September 3, 1997, mandated the offering of uninsured motorist coverage in conjunction with the issuance of a motor vehicle liability policy. It provided:
 {¶ 15} "(J) The coverages offered under division (A) of this section or selected in accordance with division (C) of this section may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances:
 {¶ 16} "(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured,if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured and underinsured motorist coverages are provided (emphasis added)."
 {¶ 17} * * *
 {¶ 18} "(K) As used in this section, `uninsured motor vehicle' and `underinsured motor vehicle' do not include any of the following motor vehicles:
 {¶ 19} * * *
 {¶ 20} (2) A motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured." *Page 6 
 {¶ 21} R.C. 3937.18 was subsequently amended by S.B. 267. S.B. 267 maintained the mandatory offering requirements of the previous version, and section (J)(1) remained unchanged However S.B. 267 deleted section (K)(2).
 {¶ 22} R.C. 3937.18 was again amended effective October 31, 2001, to the version in effect on the date Appellee issued its policy to Appellant. Like its predecessor, this version of R.C. 3937.18 did not include the (K)(2) "household exclusion" provision, and additionally eliminated the mandatory offering provisions found in the previous two versions of the statute.
 {¶ 23} However, in the third version, section (J)(1) was replaced by section (I)(1) which provides:
 {¶ 24} "(I) Any policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages may include terms and conditions that preclude coverage for bodily injury or death suffered by an insuredunder specified circumstances, including but not limited to any of thefollowing circumstances:
 {¶ 25} "(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured,if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages are provided. (Emphasis added.)" *Page 7 
 {¶ 26} Part C of the policy in question pertains to uninsured motorist coverage. It provides: "* * * `uninsured motor vehicle' does not include any vehicle or equipment:
 {¶ 27} "1. Owned by or furnished or available for regular use of you or any `family member'."
 {¶ 28} Appellant argues while the prior versions of R.C. 3937.18(K)(2) permitted insurance companies to include a household exclusion to UM coverage in their policies, the legislature eliminated that subsection when it enacted the present version of the statute. Accordingly, appellant argues appellee's household exclusion is now unenforceable because it is not permitted by statue and because it attempts to eliminate UM coverage for a recognized cause of action, in violation of the statutory intent, see State Farm Automobile Insurance Co. v.Alexander (1992), 62 Ohio St. 3d 397.
 {¶ 29} Appellee cites us to two appellate decisions. In the first,Green v. Westfield Ins. Co., 2006-Ohio-5057, the Ninth District Court of Appeals concluded the elimination of the mandatory offering and implied coverage by operation of law provisions, when coupled with the plain language of R.C. 3937.18(I)(1) authorizing exclusionary or limiting coverage under specified circumstances, including but not limited to those listed, evidences a clear intent to recognize the household exclusion.
 {¶ 30} The other appellate case upon which Appellee relies isKelly v. Auto-Owners Ins. Co., 2006-Ohio-3599. The Kelly Court also upheld the household exclusion as it pertains to UM coverage. Like theGreen Court, the Kelly Court noted the amended version of R.C. 3937.18
eliminated the requirement insurers must offer UM coverage and exclusions are not limited to the ones specified in section (I). *Page 8 
 {¶ 31} The Kelly Court also found where a policy excludes liability coverage, the exclusion would be rendered meaningless if the policy gave coverage back in the UM portion of the policy.
 {¶ 32} We agree with the Kelly and Green courts. The current version of the statue permits insurance companies to include the household exclusion. The policy must set out the specific circumstances, but the statute does not enumerate all the circumstances under which exclusion is permissible. We find the exclusion in the instant case is enforceable.
 {¶ 33} Accordingly, we find the court did not err as a matter of law on the propositions set out by appellant. The judgment of the trial court is affirmed.
Gwin, P.J. Wise, J. concurs; Hoffman, J. dissents.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Coshocton County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 9