{¶ 17} I respectfully dissent from the majority opinion. I agree with Mrs. Bousquet's argument that the S.B. 97 version of R.C. 3937.18, effective October 31, 2001, prohibits State Auto from excluding UM/UIM coverage in this case.
 {¶ 18} In this case, the Bousquets purchased UM/UIM coverage under their policy of insurance with State Auto. The 1988 Chevy pickup truck was specifically insured for UM/UIM coverage under the policy. The applicable version of R.C. 3937.18 specifies that UM/UIM coverage may be excluded under specified circumstances, including but not limited to, "[w]hile the insured is operating or occupying a motor vehicle owned by * * * a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically named in the policyunder which a claim is made * * *." R.C. 3937.18(I)(1) (emphasis added).
 {¶ 19} The majority finds that the language "including but not limited to" permits UM/UIM coverage to be excluded in any manner contracted to by the parties. The majority further recognizes several cases that have taken this position. I do not believe that this is a proper application of the statute.
 {¶ 20} Recognizing that the list of excluding circumstances set forth in the statute is non-exhaustive, the legislature, nevertheless, chose to specifically set forth the circumstance *Page 10 
of an insured occupying a vehicle owned by her or her spouse "if the motor vehicle is not specifically named in the policy." The legislature did not need to include the qualifying language if it intended to permit the parties to exclude coverage regardless of whether the motor vehicle was specifically named in the policy. I believe the legislature chose to prescribe a limitation on this form of exclusion.
 {¶ 21} Such a limitation is consistent with a practical reading of a policy that insures a specifically named vehicle and purports to provide UM/UIM coverage to that vehicle. I agree with Mrs. Bousquet's position that to permit the elimination of UM/UIM coverage through an "anti-definition" that attempts to eliminate coverage for vehicles "owned by her and/or available for her regular use" would be nonsensical and exceeds the scope of the statute.
 {¶ 22} As Judge Carr wrote in his dissenting opinion inGreen, supra: "Although it appears from the legislative history that the legislature intended to give great leeway to the contracting parties to agree upon terms and conditions that preclude coverage for bodily injury or death suffered by an insured, it is difficult to get around the plain wording of R.C. 3937.18(I). R.C. 3937.18(I) limits its provisions to `motor vehicle [that] is not specifically identified in the policy under which claim is made * * *'" Likewise, in Lawrence v. Lawrence, Coschocton App. No. 06-CA-14, 2007-Ohio-4634, Judge Hoffman wrote in his dissenting opinion: "The legislature has expressed its intent [that] UM/UIM coverage may not be precluded for household family members if the vehicle is specifically identified in the policy. To conclude otherwise would render the qualifying language superfluous. I find the *Page 11 
specific limiting language in [R.C. 3937.18(I)(1)] prevails over the more general enabling language in section (I)."
 {¶ 23} In this case, because Mrs. Bousquet was a named insured and was a passenger in a vehicle specifically identified for liability and UM/UIM coverage, I would declare the "anti-definition" unenforceable and find Mrs. Bousquet is entitled to UM/UIM coverage under the policy. *Page 1