OPINION
{¶ 1} This is an appeal from the July 14, 2003 judgment of the Trumbull County Court of Common Pleas granting judgment in favor of appellee, Elizabeth Burnett, on the issue of uninsured motorist coverage.
 {¶ 2} The following facts have been stipulated to by the parties in this case and, therefore, are not in dispute. Appellee was involved in a motor vehicle accident on February 13, 2000, on State Route 7 in Brookfield Township, Trumbull County, Ohio. At the time of the accident, appellee was a passenger in a car owned and operated by her husband, defendant, Albert R. Burnett ("Mr. Burnett"). The accident was solely caused by the negligence of Mr. Burnett. As a result of the accident, appellee incurred bodily injuries and medical expenses.
 {¶ 3} Appellant, Motorists Mutual Insurance Companies ("Motorists"), had issued a policy of insurance to its named issured, Mr. Burnett, which was in effect at the time of the accident. Appellee and Mr. Burnett resided together in Williamsfield, Ohio, and, thus, appellee was a "family member" of Mr. Burnett and resident of his household, as those terms are defined in the subject insurance policy. Additionally, the vehicle being operated by Mr. Burnett at the time of the accident was owned by him and listed as an insured vehicle under the policy.
 {¶ 4} Subsequent to the accident, Motorists denied liability insurance to Mr. Burnett for those claims asserted by appellee, which stemmed from the accident, due to the family member exclusion contained in the policy. Motorists also denied the claim of appellee for uninsured motorists benefits for damages arising out of the accident due to the intra-family exclusion contained in the policy.
 {¶ 5} On March 1, 2001, appellee filed a complaint against Motorists and Mr. Burnett seeking a declaration as to coverages available under the insurance policy issued by Motorists to Mr. Burnett. In response, Mr. Burnett filed a cross-claim against Motorists. Motorists then filed a counterclaim against appellee and a cross-claim against Mr. Burnett.
 {¶ 6} Subsequently, appellee and Motorists each filed motions for summary judgment. On July 14, 2003, the trial court held that "Revised Code 3937.18(J)(1) and Revised Code 3937.18(K)(2) are ambiguous and irreconcilable thus rendering any insurance policy provisions based on Revised Code 3937.18(K)(2) unenforceable."
 {¶ 7} Motorists timely filed a notice of appeal and has now set forth the following assignments of error:
 {¶ 8} "[1.] The trial court erred in holding that former Ohio Revised Code 3937.18(K)(2) is unenforceable and that the intra-family exclusion in Motorists' uninsured motorists coverage form is likewise unenforceable.
 {¶ 9} "[2.] The trial court erred in failing to determine that Ohio Revised Code 3937.18(J)(3) precludes the plaintiff's uninsured motorists claim.
 {¶ 10} "[3.] The trial court erred in overruling the motion for summary judgment filed by Motorists.
 {¶ 11} "[4.] The trial court erred in ruling that the issue of damages is to be determined at a separate hearing, and not a jury trial."
 {¶ 12} In the first assignment of error, Motorists contends that the trial court erred in holding that former R.C. 3937.18(K)(2), and the intra-family exclusion in its uninsured motorists coverage form, are both unenforceable.
 {¶ 13} To begin with, it is undisputed that R.C. 3937.18, as amended by H.B. 261 on September 3, 1997, was the statutory law in effect at the time of the accident and, therefore, controls the rights and duties of the parties to the insurance contract in this case. This was the conclusion of the trial court and neither party takes issue with that portion of the trial court's decision.
 {¶ 14} R.C. 3937.18(K)(2) provided as follows:
 {¶ 15} "As used in this section, `uninsured motor vehicle' and `underinsured motor vehicle' do not include any of the following motor vehicles:
 {¶ 16} "* * *
 {¶ 17} "(2) A motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of the named insured * * *."
 {¶ 18} The foregoing provision is commonly referred to as a household exclusion or an intra-family exclusion. The Supreme Court of Ohio had ruled that the prior version of R.C. 3937.18 was unenforceable. StateFarm Automobile Ins. Co. v. Alexander (1992), 62 Ohio St.3d 397. Subsequently, however, the legislature enacted H.B. 261 which authorized the use of the intra-family exclusion by adding section (K)(2). Thus, theAlexander decision was no longer controlling.
 {¶ 19} It is clear that until recently, there was a division in Ohio among various appellate districts as to whether intra-family exclusions were permissible. The trial court in this case chose to follow the line of authority which held that R.C. 3937.18(K)(2) was unenforceable because it conflicted with R.C. 3937.18(J)(1) which provided in relevant part:
 {¶ 20} "The coverage offered under * * * [uninsured and underinsured motorist coverage] may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under any of the following circumstances: (1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured and underinsured motorist coverages are provided * * *."
 {¶ 21} The trial court reasoned that R.C. 3937.18(J)(1) excludes from coverage only those vehicles that the claimant owns, but which are not covered under the policy. "If the vehicle is listed in the uninsured motorist coverage, the exclusion cannot apply by its own terms. That is, the claimant has provided uninsured motorist coverage for that vehicle. The claimant in that situation is not attempting to stack coverage. * * * The claimant is simply attempting to claim coverage for which he had paid a premium. This court reads Revised Code (J)(1) to mean that you have no coverage for a vehicle you own unless it is listed in the policy."
 {¶ 22} The trial court then interpreted R.C. 3937.18(K)(2) to mean that one's vehicle can never be an uninsured vehicle even if it is listed in the policy and a premium is paid for that vehicle. Thus, the trial court concluded that since section (K)(2) precludes uninsured motorist coverage where the claimant, a spouse, or resident family member owns the vehicle, the promise set forth is section (J)(1) for coverage of a listed vehicle is illusory in nature.
 {¶ 23} In reaching its decision, the trial court relied heavily onMorris v. United Ohio Ins. Co., 4th Dist. No. 02CA2653, 2003-Ohio-1708, and cases that followed the Morris line of reasoning.
 {¶ 24} However, subsequent to the trial court's decision in this case, the Supreme Court of Ohio overturned Morris and all other cases that used that line of reasoning. Kyle v. Buckeye Union Ins. Co.,103 Ohio St.3d 170, 2004-Ohio-4885; Morris v. United Ohio Ins. Co.,103 Ohio St.3d 462, 2004-Ohio 5706.
 {¶ 25} In a case on point with the present case, the Supreme Court of Ohio in Kyle held that R.C. 3937.18(J)(1) and (K)(2) were not conflicting but, instead, were complimentary. The court stated:
 {¶ 26} "Paragraph (J) addressed certain circumstances in which a policy could exclude UM/UIM coverage for an insured. Paragraph (K) excluded certain tortfeasors' vehicles from being considered uninsured or underinsured. Because these paragraphs address different topics, they do not conflict." Id. at ¶ 21. (Emphasis sic.)
 {¶ 27} Based upon the Kyle decision, it is clear that appellee is precluded from coverage under the uninsured provisions of the policy issued by Motorists to Mr. Burnett. Hence, the trial court's decision most be reversed.
 {¶ 28} Motorists' first assignment of error is sustained.
 {¶ 29} In the second assignment of error, Motorists submits that the trial court erred by failing to determine that R.C. 3937.18(J)(3) precludes appellee's uninsured motorist claims.
 {¶ 30} Based upon the conclusion reached in Motorists' first assignment of error, its second, third and fourth assignments of error are moot and will not be addressed by this court.
 {¶ 31} Accordingly, the decision of the trial court is hereby reversed and judgment entered in favor of appellant on the Kyle issue. Namely, appellee is precluded from coverage under the uninsured provisions of the policy issued by Motorists. However, as to any other issues raised by appellee in the trial court which were not previously addressed, such as the constitutionality of the intra-family exclusions under either the liability or uninsured motorists provisions, this case is remanded to the trial court so that these issues can be properly addressed.
O'Neill, J., O'Toole, J., concur.