OPINION
{¶ 1} Plaintiffs-appellants, Victoria Calhoun, the estate of Isabelle Calhoun, Luke "Tyler" Calhoun, Jr., Olivia Roberts, and Jake Ehrnsaerger (collectively "appellants"), appeal the decision of the Allen County Court of Common Pleas to grant summary judgment in favor of defendant-appellee, American Select Insurance Company. For the reasons that follow, we affirm the trial court's decision.
 {¶ 2} This is a declaratory judgment action to determine whether compensation is available under the uninsured-motorist (UM) section of an automobile insurance policy. American Select issued the policy to Victoria's husband, Luke Calhoun, Sr., on June 16, 2003. Notably, Victoria and Luke had *Page 3 
two children together, Tyler and Isabelle. Victoria also had a third child, Olivia, from a pre-marital relationship with Ehrnsaerger.
 {¶ 3} On October 11, 2003, Luke and Sonny Harner were involved in an automobile accident on State Route 65 in Perry Township, Allen County, Ohio. Luke turned left into oncoming traffic. Six-year-old Olivia, three-year-old Tyler, and two-year-old Isabelle were all passengers in Luke's automobile at the time. Each of the children sustained physical injuries, and Isabelle died. Victoria witnessed the accident.
 {¶ 4} The policy that American Select issued to Luke included liability coverage. But, the policy also contained the following exclusion: "We do not provide Liability coverage for anyinsured: * * * for bodily injury to you or any family member." "`You' means "the person shown as the named insured in the Declarations, [or] * * * that person's spouse if a resident of the same household." "`Family member' means a person related to you by blood, marriage or adoption who is a resident of your household * * *."
 {¶ 5} In addition, the policy included UM coverage in the amount of $100,000 per person and $300,000 per accident. Luke paid a separate premium for the UM coverage, and the policy classified Luke's Bonneville as a "covered automobile." In this regard, the policy provided in pertinent part: "[U]ninsured *Page 4 motor vehicle does not include any vehicle or equipment * * * that is acovered automobile for which [liability] coverage is provided under * * * this policy."
 {¶ 6} On June 27, 2005, the appellants filed a complaint against Harner, Luke, and American Select.[1] In the complaint, the appellants alleged various tort claims and sought a declaratory judgment that Isabelle's estate, Tyler, and Olivia were all entitled to compensation under the UM section of the policy. In opposition, American Select counterclaimed for a declaratory judgment that the policy excluded liability coverage for Luke and that no one was entitled to compensation under the UM section of the policy.
 {¶ 7} On August 1, 2006, American Select moved for summary judgment. The appellants then filed a response and cross-motion for summary judgment. In their motion, the appellants admitted the policy excluded liability coverage. The appellants also argued Isabelle's estate, Tyler, and Olivia were entitled to compensation under the UM section of the policy because Luke was an uninsured motorist.
 {¶ 8} On September 26, 2006, the trial court granted summary judgment in favor of American Select. In doing so, the trial court found the S.B. 97 version of Ohio's UM statute, R.C. 3937.18, permitted American Select to include "terms and conditions" that precluded UM coverage. The trial court also found Isabelle's *Page 5 
estate, Tyler, and Olivia were not entitled to compensation under the UM section of the policy. As a result, the trial court dismissed the appellants' complaint insofar as it pertained to American Select.
 {¶ 9} The appellants now appeal to this court and set forth four assignments of error for our review. For purposes of clarity, we combine the appellants' first and second assignments of error.[2]
 ASSIGNMENT OF ERROR NO. I The trial court erred by failing to account for the fact that the General Assembly specifically deleted the former allowance at 3937.18(K)(1-2) of "intra-family" UM/UIM exclusions.
 ASSIGNMENT OF ERROR NO. II The trial court failed to account for the supreme court's distinction between a policy "definition" and a policy "exclusion."
 {¶ 10} In their first assignment of error, the appellants argue the legislature amended R.C. 3937.18 on several occasions and thereby implicitly rejected the UM restriction at issue.[3] In their second assignment of error, the appellants argue the UM restriction is a "definition" not an "exclusion." Based on these arguments, the appellants conclude the UM restriction is invalid, and the trial court erred when it granted summary judgment in favor of American Select. *Page 6 
 {¶ 11} On appeal, we review the trial court's decision to grant summary judgment de novo. Doe v. Shaffer (2000), 90 Ohio St.3d 388, 390,738 N.E.2d 1243, citing Grafton v. Ohio Edison Co. (l996),77 Ohio St.3d, 102, 105, 671 N.E.2d 241. Summary judgment is proper where: there is no genuine issue of material fact; the moving party is entitled to judgment as a matter of law; and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, which is adverse to the non-moving party. Id., citations omitted.
 {¶ 12} The parties agree the S.B. 97 version of R.C. 3937.18 applies in this case. S.B. 97 amended R.C. 3937.18, on October 31, 2001, to eliminate the requirement that insurers must offer UM coverage. S.B. 97 also modified a provision, which the legislature first added in 1997, that permitted insurers to preclude UM coverage. Kelly v. Auto-OwnersIns. Co., 1st Dist. No. C-050450, 2006-Ohio-3599, at ¶ 7, citing R.C.3937.18(J), Am. Sub. H.B. No. 261, effective 9-3-97.
 {¶ 13} The changes that S.B. 97 brought about were significant. Prior to S.B. 97, terms and conditions that precluded UM coverage had to conform to the exclusions in the UM statute. See R.C. 3937.18(J), Am. Sub. H.B. No. 261, effective 9-3-97. After S.B. 97, the exclusions in the UM statute serve as only as examples; a UM policy may now include "terms and conditions that preclude *Page 7 
[UM] coverage for bodily injury or death suffered by an insured under specified circumstances, including but not limited to" any of the circumstances specified in the UM statute. R.C. 3937.18(I), Am. Sub. S.B. No. 97, effective 10-31-2001; Snyder v. Am. Family Ins. Co.,114 Ohio St.3d 239, 2007-Ohio-4004, 871 N.E.2d 574, at ¶ 15. Green v. WestfieldIns. Co., 9th Dist. No. 06CA0025-M, 2006-Ohio-5057, at ¶¶ 16-17;Kelly, 2006-Ohio-3599, at ¶ 7.
 {¶ 14} In this case, the policy that American Select issued to Luke included liability coverage and UM coverage. The appellants admitted the policy excluded liability coverage under the facts presented herein. In regards to UM coverage, the policy provided in pertinent part: "[U]ninsured motor vehicle does not include any vehicle or equipment * * * that is a covered automobile for which [liability] coverage is provided under * * * this policy." The policy classified Luke's Bonneville as a "covered automobile."
 {¶ 15} As set forth above, the appellants argue the legislature amended R.C. 3937.18 on several occasions and thereby implicitly rejected the UM restriction at issue. For support, the appellants note the legislature removed certain provisions from prior versions of R.C.3937.18 that purportedly supported the UM restriction. See R.C.3937.18(K)(1) and (2), Am. Sub. H.B. 261, No. 261, effective 9-3-1997. According to the appellants, "[t]he law formerly allowed the intra-family restriction on the definition of an uninsured vehicle, but the law has changed." *Page 8 
 {¶ 16} The appellants' argument belies the plain language of R.C.3937.18. The phrase "including but not limited to," which S.B. 97 added to R.C. 3937.18(I), is determinative. It permits insurers to include "terms and conditions" in a policy that preclude UM coverage under circumstances other than those listed in the statute, as long as the circumstances are specified in the policy. Green, 2006-Ohio-5057, at ¶ 16; see, also, Kelly, 2006-Ohio-3599, at ¶ 12; Snyder, 2005-Ohio-6751, at ¶¶ 21-23. "[Insurance companies and their customers are [therefore] free to contract in any manner that they see fit." Green,2006-Ohio-5057, at ¶ 20. Since that is what happened in this case, we find the appellants' first argument, and their conclusion that UM restriction is invalid, meritless.
 {¶ 17} The appellants also argue the UM restriction included in the policy that American Select issued to Luke is a "definition" not an "exclusion." The UM restriction admittedly falls within the portion of the UM section of the policy that defines what constitutes an "uninsured motor vehicle." But, because R.C. 3937.18 permits insurers to include "terms and conditions" that preclude UM coverage, we fail to see how the definition-exclusion distinction is of any consequence. As such, we find the appellants' second argument is also meritless.
 {¶ 18} For these reasons, we overrule the appellants' first and second assignments of error.
 ASSIGNMENT OF ERROR NO. III *Page 9 The trial court erred by failing to recognize that, under the plain terms of the contract, the intra-family exclusion is not triggered because there is no liability coverage under the same policy.
 {¶ 19} In their third assignment of error, the appellants argue the UM restriction was not triggered. More specifically, the appellants argue Luke's Bonneville was not a "covered automobile for which [liability] coverage [was] provided * * *." The appellants thus conclude the trial court erred when it granted summary judgment in favor of American Select.
 {¶ 20} Nothing in the record indicates the appellants raised their argument with the trial court, either in response to American Select's motion for summary judgment or at any other time. The record reflects the appellants simply admitted the policy excluded liability coverage. The appellants therefore waived their argument for purposes of appeal. See Hood v. Rose, 153 Ohio App.3d 199, 2003-Ohio-3268, 792 N.E.2d 736, at ¶¶ 9-11. Accordingly, we must overrule the appellants' third assignment of error.
 ASSIGNMENT OF ERROR NO. IV The trial court erred by enforcing the intra-family exclusions in the appellants' policy notwithstanding the fact that the appellee has not made the exclusions conspicuous and easy to understand.
 {¶ 21} In their fourth assignment of error, the appellants argue the UM restriction is not clear, conspicuous, or understandable. From this premise, the appellants conclude the restriction is invalid and therefore unenforceable. *Page 10 
 {¶ 22} A basic rule of insurance contract interpretation is that exceptions to insurance coverage must be clearly and conspicuously displayed. Lane v. Grange Mut. Cos. (1989), 45 Ohio St.3d 63, 65,543 N.E.2d 488; see, also, Kelly, 2006-Ohio-3599, at ¶ 9.
 {¶ 23} In this case, the UM restriction is clear, conspicuous, and understandable. The policy advises one to read carefully, and the pertinent portions of the policy and the restriction are emphasized, both in bold lettering and italics. When read as a whole, the pertinent portions of the policy adequately apprise the reader as to what constitutes an "uninsured motor vehicle" and when UM coverage is available. Accordingly, we find the appellants' argument unpersuasive, and we overrule the appellants' fourth assignment of error.
 {¶ 24} Having found no error prejudicial to the appellants in the particulars assigned and argued, we affirm the trial court's decision.
SHAW and WILLAMOWSKI, JJ., concur.
[1] Victoria acted in her individual capacity, as the administratrix of Isabelle's estate, and as the mother and next friend of Tyler and Olivia.
[2] The trial court stayed further proceedings in this case pending this appeal.
[3] The appellants cite the following amendments: Am. Sub. H.B. No. 261, effective 9-3-1997; Am. Sub. S.B. No. 267, effective 9-21-2000; and Am. Sub. S.B. No. 97, effective 10-31-2001. *Page 1