JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Sally Bousquet appeals the trial court's granting of summary judgment in favor of appellee State Auto Insurance Company ("State Auto"). Mrs. Bousquet sets forth the following error for our review:
 "I. The trial court erred by granting summary judgment in favor of appellee State Auto Insurance Company."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} On August 24, 2004, Mrs. Bousquet was a passenger in a 1988 Chevy pickup truck owned and driven by her husband. Mr. Bousquet failed to yield the right of way to oncoming traffic when he exited a parking lot located on Mentor Avenue in Painesville, Ohio. His truck collided with a car driven by Elaine Lillback. Mrs. Bousquet was partially ejected from the truck, sustaining severe injuries.
 {¶ 4} The pickup truck was insured by State Auto Insurance. Both Mr. and Mrs. Bousquet were insureds under the policy. Mrs. Bousquet presented a claim to State Auto for insurance coverage under the policy issued to her and her husband for UM coverage. State Auto denied Mrs. Bousquet's claim for coverage based on the "anti-definition" provision in the policy's coverage agreement. This provision provided that the definition of a UM/UIM vehicle was a vehicle "not owned by or furnished or available for the regular use of you or any family member." *Page 4 
 {¶ 5} Mrs. Bousquet filed a complaint for declaratory judgment. The parties filed cross motions for summary judgment. The trial court granted State Auto's motion for summary judgment, stating as follows:
 "Defendant's motion, motion for summary judgment of State Auto Insurance Company, is hereby granted as there are no genuine issues of material fact remaining and as such, plaintiff is not entitled to UM/UIM coverage because the vehicle she occupied at the time of the accident in question is not an `uninsured motor vehicle' as defined and required by the policy. Thus, defendant is entitled to judgment that the plaintiff is not entitled to coverage under the policy in question. There shall be no just cause for delay."[1]
 Motion for Summary Judgment {¶ 6} In her sole assigned error, Mrs. Bousquet argues that R.C.3937.18 prohibits State Farm from excluding UM/UIM coverage to an insured when they are occupying their own vehicle and are injured by anyone driving their own insured vehicle. We disagree.
 {¶ 7} We review an appeal from summary judgment under a de novo standard of review.[2] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[3] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) *Page 5 
viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion which is adverse to the non-moving party.[4]
 {¶ 8} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[5] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact.[6]
 {¶ 9} The parties agree the S.B. 97 version of R.C. 3937.18 applies to this case. S.B. 97 amended R.C. 3937.18 on October 31, 2001 to eliminate the requirement that insurers must offer UM/UIM coverage. The provision the parties take issue with states in pertinent part:
 "(I) Any policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverage may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under specified circumstances, including but not limited to any of the following:
 "(1) While the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is not specifically named in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages are provided." *Page 6 
 {¶ 10} Mrs. Bousquet argues the above statute clearly provides that insurers can only exclude other owned vehicles if the vehicle is not specifically identified in the policy. She contends that it naturally follows that if a vehicle is specifically identified in the policy then the exclusion cannot eliminate UM/UIM coverage. However, contrary to Mrs. Bousquet's argument, the statute's plain language in using the phrase "including but not limited to," indicates that the list of "terms and conditions" that may preclude coverage is not exhaustive.
 {¶ 11} Other districts have similarly held that the statute does not prevent the parties from contracting to exclude coverage in a manner not cited by the statute. The First District in Kelly v. Auto-Owners Ins.Co.,[7] the Third District in Calhoun v. Harner,[8] the Fourth District in Howard v. Howard,[9] the Sixth District in Wertz v.Wertz,[10] and the Ninth District in Green v. Westfield Ntl. Ins.Co.,[11] all upheld the validity of an exclusion similar to the one at issue after concluding the limiting language of the statute was not meant to be exhaustive.
 {¶ 12} Additionally, the Ohio State Supreme Court recently addressed the expansive language of R.C. 3937.18(I) in Snyder v. Am. Family Ins.Co.[12] Although the case did not *Page 7 
involve an intra-family exclusion, in reference to R.C. 3937.18(I), the Court stated as follows:
 "The 2001 statute for the first time permits policies with uninsured-motorist coverage to limit or exclude coverage under circumstances that are specified in the policy even if those circumstances are not also specified in the statute. See R.C. 3937.18(I). Division (I) of the statute provides: `Any policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under specified circumstances, including but not limited to any of the following circumstances: * * *.' (Emphasis added.) R.C. 3937.18(I). Eliminating the mandatory coverage offering and simultaneously permitting the parties to agree to coverage exclusions not listed in the statute provides insurers considerable flexibility in devising specific restrictions on any offered uninsured-or underinsured-motorist coverage. See also S.B. 97, Section 3(B)(3), 149 Ohio Laws, Part I, 788-789 (General Assembly expressed its intention to `[p]rovide statutory authority for the inclusion of exclusionary or limiting provisions in uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages')."
 {¶ 13} Thus, simply because the statute does not list the exception that Mrs. Bousquet seeks to enforce in the case at bar does not mean that it constitutes an impermissible exception. Under the current R.C.3937.18, insurance companies are not required by law to offer UM/UIM coverage. If insurers opt to offer UM/UIM coverage, they are free to include exclusions or limitations on that coverage.[13]
 {¶ 14} Mrs. Bousquet also argues that because the exclusion exists in the definition section of the policy versus the exclusion section, it is not valid under the statute, which regulates exclusions. However, as the Fourth District in Howard v. Howard held: *Page 8 
 "[t]he statute, the case law appellant cites, and the legislative history do not support appellant's argument that a distinction exists between definitions and exclusions. The uncodified law, as the Green court noted, clearly evinces the legislature's intent to allow insurers to limit coverage. Furthermore, R.C. 3937.18(I) does not state that it is a list of `exclusions.' Instead, the statute states that insurers may include `terms and conditions that preclude coverage.' The statute does not distinguish whether that `preclusion' must be in the form of a `definition' or an `exclusion.'"
 {¶ 15} We agree with the Fourth District and fail to see how the definition-exclusion distinction is of any consequence.[14]
 {¶ 16} We conclude there is no dispute that the vehicle occupied Mrs. Bousquet at the time of the accident was both "furnished" and "available" for "regular use" by both Mr. and Mrs. Bousquet. As a result, pursuant to the policy terms, the vehicle does not qualify as an "uninsured" vehicle. Accordingly, Bousquet's sole assigned error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 9 
ANTHONY O. CALABRESE, JR., J., CONCURS.
SEAN C. GALLAGHER, P.J., DISSENTS (SEE ATTACHED DISSENTING OPINION.)
[1] Trial court's judgment entry, March 14, 2007.
[2] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[3] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[4] Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
[5] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[6] Id. at 293.
[7] 1st Dist. No. C-050450, 2006-Ohio-3599.
[8] 3rd Dist. No. 1-06-97, 2007-Ohio-6025.
[9] 4th Dist. No. 06CA755, 2007-Ohio-3940.
[10] 6th Dist. No. H-06-036, 2007-Ohio-4605.
[11] 9th Dist. No. 06CA25-M, 2006-Ohio-5057, appeal not allowed. Although Mrs. Bousquet claims that the Supreme Court acceptedGreen for review, the Supreme Court denied review on February 28, 2007.
[12] 114 Ohio St.3d 239, 2007-Ohio-4004 at ¶ 15.
[13] Green, at ¶ 20; Howard, supra at ¶ 23; Wertz, supra at ¶ 20-21;Calhoun, supra at ¶ 16.
[14] See also, Calhoun v. Harner, supra at ¶ 17.