JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Allstate Insurance Company ("Allstate"), appeals from a Cuyahoga County Court of Common Pleas judgment granting its summary judgment in part, and denying it in part. Finding merit to the appeal, we reverse and remand.
 {¶ 2} The present case stems from a motor vehicle accident that occurred in 2005. The facts are not in dispute. Plaintiff-appellee, Mary E. O'Conner-Junke, sustained physical injuries in an accident that her now deceased husband, Robert E. Junke, negligently caused. At the time of the accident, O'Conner-Junke and her husband were covered under an automobile insurance policy issued by Allstate, which provided $15,000 in liability coverage and $15,000 in uninsured motorist ("UM") coverage, per person. The vehicle Robert Junke was driving when the accident occurred was covered under the policy.
 {¶ 3} After Allstate denied coverage to O'Conner-Junke, she filed a complaint for damages, declaratory judgment, and uninsured motorists benefits against Allstate.
 {¶ 4} On cross-motions for summary judgment, the trial court granted summary judgment to Allstate in part with respect to the liability portion of the policy, but denied it in part regarding "the application of the exclusion for [UM] coverage." The parties subsequently entered into a consent judgment entry and then stayed execution of judgment pending appeal. *Page 4 
 {¶ 5} Allstate raises a sole assignment of error for review:
 {¶ 6} "It was reversable [sic] error for the trial court to partially deny [Allstate's] motion for summary judgment * * * because both the plain language and legislative intent of the governing version of [R.C. 3937.18] permit the exclusions to uninsured motorists coverage contained within the insurance policy [Allstate] issued to plaintiff-appellee."
 Summary Judgment Standard of Review {¶ 7} We review an appeal from summary judgment under a de novo standard. Baiko v. Mays (2000), 140 Ohio App.3d 1, 10. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.Northeast Ohio Apartment Assn. v. Cuyahoga Cty. Bd. of Commrs. (1997),121 Ohio App.3d 188, 192. Civ. R. 56(C) provides that before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel.Duganitz v. Ohio Adult Parole Auth. (1996), 77 Ohio St.3d 190, 191.
 {¶ 8} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment. Dresher *Page 5 v. Burt (1996), 75 Ohio St.3d 280, 292-293. If the movant fails to meet this burden, summary judgment is not appropriate, but if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. Id. at 293.
 Automobile Liability Coverage {¶ 9} The liability section of the policy excluded certain terms and conditions from coverage. The liability exclusion pertinent to this appeal excluded "bodily injury to any person related to an insured by blood, marriage, or adoption and residing in that person's household."
 {¶ 10} Allstate denied liability coverage because O'Conner-Junke was married to the insured, and resided with him. Thus, as a "resident-relative," she was excluded from receiving liability coverage under the policy.
 {¶ 11} "Intra-family" or "resident-relative" liability exclusions have long been held to be valid in Ohio. See Kuhnle v. Zander,103 Ohio St.3d 474, 2004-Ohio-5699; Kelly v. Auto-Owners Ins. Co., 1st Dist. No. C-050450, 2006-Ohio-3599, _11 ("intrafamilial-tort exclusion, which is apparently designed to prevent fraudulent or collusive intrafamilial lawsuits for insurance benefits, is permitted under Ohio law");Nussbaum v. Progressive Casualty Ins. Co. (1988), 61 Ohio App.3d 1. "In fact, the Ohio Supreme Court, after abolishing spousal-tort immunity, suggested that insurance companies use this type of exclusion to *Page 6 
reduce the cost of insurance premiums." Kelly at _11, citing Shearer v.Shearer (1985), 18 Ohio St.3d 94, 100-101.
 {¶ 12} Therefore, the trial court did not err when it granted summary judgment to Allstate on the liability portion of the policy. Even in her brief in opposition and cross-motion for summary judgment regarding the liability exclusion, O'Conner-Junke conceded that this provision was valid. She stated that "if considered on its own, [she] would not contest the applicability or Allstate's ability to enforce the intra-family liability exclusion."
 {¶ 13} The issue in this case then is not the "resident-relative" or "intra-family" exclusion in the liability section of the policy. O'Conner-Junke, however, argues that the "resident-relative" exclusion in the liability section, combined with the definition of what "anuninsured auto is not," acts to defeat coverage when the tortfeasor is a family member and this is not permitted under the current version of R.C. 3937.18.
 UM Coverage {¶ 14} The UM section of the policy provided that Allstate would pay for those damages that an insured person "is legally entitled to recover from the owner or operator of an uninsured auto * * * because of bodily injury sustained by the injured person[.]" This section of the policy defined what "an uninsured auto *Page 7 
is." But it also — and this is critical to our analysis — explicitly provided what "an uninsured auto is not"; i.e., "a motor vehicle which is insured under the Automobile Liability Insurance of this policy" isnot an uninsured auto for purposes of UM coverage.
 {¶ 15} Here, although Robert Junke's vehicle was "uninsured" since liability coverage was denied, Allstate nonetheless denied UM coverage because the vehicle fell within the definition of what "an uninsured auto is not." Specifically, the vehicle was an insured vehicle under the liability section of the policy, thereby precluding UM coverage under the policy.
 {¶ 16} Thus, at issue in this case is not an "exclusion" at all, but a definition in the UM section of the policy, or an "anti-definition" as this court referred to it in Bousquet v. State Auto Ins. Co., 8th Dist. No. 89601, 2008-Ohio-922, _4, discretionary appeal not allowed (the UM policy defined an uninsured vehicle as one "not owned by or furnished or available for the regular use of you or any family member"). The difference between "exclusion" and "definition," however, is a distinction without a difference, because if valid, it precludes UM coverage. Bousquet at_14, citing Howard v. Howard, 4th Dist. No. 06CA755, 2007-Ohio-3940, discretionary appeal not allowed.
 {¶ 17} Allstate argues that the trial court erred because the plain language of R.C. 3937.18 permits the UM definition of what "an uninsured auto is not," *Page 8 
that it is consistent with the legislative intent governing R.C. 3937.18, and that it is clear and unambiguous.
 {¶ 18} O'Conner-Junke contends that the UM policy conflicts with R.C. 3937.18(I)(1), because under this provision, "[f]amily vehicles may be defined as not being `uninsured,' but only those vehicles notspecifically identified for UM in the policy." (Emphasis added.) She further contends that in enacting the current version of R.C. 3937.18 in Am. Sub. S.B. No. 97, effective October 31, 2001, the General Assembly "specifically dealt with intra-family restrictions, and specifically rejected them" because the legislature removed former R.C. 3937.18(K) restrictions.[1] *Page 9 
 Interpretation of R.C. 3937.18 {¶ 19} The primary goal of statutory construction is to ascertain and give effect to the legislature's intent in enacting the statute.Brooks v. Ohio State Univ. (1996), 111 Ohio App.3d 342, 349. In determining legislative intent, the court must look to the plain language of the statute itself. State ex rel. Burrows v. Indus.Comm. (1997), 78 Ohio St.3d 78, 81.
 {¶ 20} R.C. 3937.18(I) provides that "[a]ny policy of insurance that includes uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages may include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under specified circumstances, including but not limited to any of the following circumstances * * *." It then lists five exclusions, one of which O'Conner-Junke claims prohibits Allstate's denial of UM coverage here, subsection (I)(1).
 {¶ 21} Under R.C. 3937.18(I)(1), UM coverage may be precluded if "the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, if the motor vehicle is notspecifically identified in the policy under which a claim is made * * *." (Emphasis added.) O'Conner-Junke maintains that the emphasized language explicitly prohibits insurance *Page 10 
companies from excluding "family vehicles," namely, ones that arespecifically identified in the policy.[2]
 {¶ 22} In 2001, the General Assembly extensively amended R.C. 3937.18
in S.B. 97 to eliminate the requirement that insurers must offer UM coverage. Snyder v. Am. Family Ins. Co., 114 Ohio St.3d 239,2007-Ohio-4004, _13. The changes that S.B. 97 brought about were significant. Prior to S.B. 97, terms and conditions that precluded UM coverage had to conform to the exclusions listed in the UM statute. See R.C. 3937.18(J), H.B. 261. After S.B. 97, the exclusions in the UM statute serve only as examples. Snyder at ¶ 15.
 {¶ 23} Although Snyder did not involve an intra-family exclusion, in reference to R.C. 3937.18(I), the Supreme Court explained that for the first time, R.C. 3937.18 permits policies with UM coverage to limit or exclude coverage under circumstances that are specified in the policyeven if those circumstances are not also specified in the statute." (Emphasis added.) Id., citing R.C. 3937.18(I). The Supreme Court further explained that "[e]liminating the mandatory coverage offering and simultaneously permitting the parties to agree to coverage exclusions not listed in the statute provides insurers considerable *Page 11 
flexibility in devising specific restrictions on any offered uninsured-or underinsured-motorist coverage." Id.
 {¶ 24} In Bousquet, supra, this court stated that the plain language of the phrase in R.C. 3937.18, "including but not limited to," indicates that the list of "terms and conditions" that may preclude coverage is not exhaustive. Id. at _10. We further noted that "[o]ther districts have similarly held that [R.C. 3937.18] does not prevent the parties from contracting to exclude coverage in a manner not cited by the statute." Id. at _11, citing Kelly, supra; Calhoun v. Harner, 3d Dist. No. 1-06-97, 2007-Ohio-6025; Howard, supra; Wertz v. Wertz, 6th Dist. No. H-06-036, 2007-Ohio-4605; and Green, supra.[3]
 {¶ 25} Thus, based on the plain language of R.C. 3937.18, we conclude that there is nothing in the statute that prohibits the type of definition at issue in this case. Contrary to O'Conner-Junke's argument, it is clear that R.C. 3937.18 does not provide that UM coverage is mandatory if a vehicle is specifically identified in the policy. SeeGreen at _17. In addition, we agree with the rationale that "where a policy excludes liability coverage, the exclusion would be rendered meaningless if the policy gave coverage back in the UM portion of the policy." See Green at _31, citing Kelly. *Page 12 
 {¶ 26} We further disagree with O'Conner-Junke that because the legislature removed language from the current statute that formerly allowed intra-family restrictions (see former R.C. 3937.18(K)(1) and (2)), it "explicitly" prohibits them now. The phrase "including but not limited to" in the current R.C. 3937.18(I)(1) is determinative.Bousquet, supra, at _10; Calhoun, supra, at _16. "It permits insurers to include `terms and conditions' in a policy that preclude UM coverage under circumstances other than those listed in the statute, as long as the circumstances are specified in the policy." Calhoun at _16, citingGreen, supra. That is exactly what happened here.
 {¶ 27} In addition, O'Conner-Junke's reliance on Shay v. Shay,164 Ohio App.3d 518, 2005-Ohio-5874, reversed by Shay v. Shay,113 Ohio St.3d 172, 2007-Ohio-1384, is misplaced. In Shay, the Tenth District held that a "family exclusion" was invalid without the statutory authorization that former R.C. 3937.18(K)(2) provided. Shay, however, involved the S.B. 267 version of the statute, which eliminated R.C. 3937.18(K)(2), but still required insurers to offer UM/UIM coverage that complied with R.C. 3937.18. With the enactment of S.B. 97, insurers need not offer UM/UIM coverage and R.C. 3937.18(I) authorizes insurers to write terms and conditions in their policies that preclude UM/UIM coverage.[4] *Page 13 
 {¶ 28} Finally, the language of the policy is clear and unambiguous. It excludes liability coverage for bodily injury to "resident-relatives," and exempts a motor vehicle that is insured under the liability policy from being an uninsured auto.
 {¶ 29} Accordingly, as a matter of law, we find that the trial court did not err when it granted summary judgment to Allstate on the liability portion of the policy, but it did err when it denied Allstate's summary judgment motion regarding UM coverage.
 {¶ 30} Under the current version of R.C. 3937.18, if insureds want more UM/UIM coverage under their insurance policy, they can bargain for the extra coverage and pay for it.
 {¶ 31} Allstate's sole assignment of error is sustained.
 {¶ 32} The judgment of the Cuyahoga County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 14 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. MCMONAGLE, P.J. and PATRICIA A. BLACKMON, J., CONCUR
[1] Former R.C. 3937.18(K), as enacted by Am. Sub. H.B. No. 261, effective 9-3-97, provided:
"As used in this section, `uninsured motor vehicle' and `underinsured motor vehicle' do not include any of the following motor vehicles:
"(1) A motor vehicle that has applicable liability coverage in the policy under which the uninsured and underinsured motorist coverages are provided;
"(2) A motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured."
R.C. 3937.18(K)(2) was commonly referred to as the "household" or "intra-family" exclusion. See, e.g., Burnett v. Motorists Mut. Ins.Cos., 11th Dist. No. 2003-T-0101, 2005-Ohio-4333. The legislature enacted this provision in response to the Ohio Supreme Court's decision in State Farm Automobile Ins. Co. v. Alexander (1992),62 Ohio St.3d 397. In Alexander, the court held that the household exclusion was invalid because, by eliminating coverage for torts that occur in the insured's vehicle, the exclusion restricted coverage in a manner contrary to the intent of former R.C. 3937.18, which was to ensure that insured motorists who were injured by negligent, uninsured motorists were not left without compensation simply because the tortfeasor lacked liability coverage. Id. at 400. The court stated: "An automobile insurance policy may not eliminate or reduce uninsured or underinsured motorist coverage, required by R.C. 3937.18, to persons injured in a motor vehicle accident, where the claim or claims of such persons arise from causes of action that are recognized by Ohio tort law." Id. at syllabus; see, also, Fazio v. Hamilton Mut. Ins. Co.,106 Ohio St.3d 327, 2005-Ohio-5126 (discussing Alexander).
[2] We find it interesting that in support of this argument, O'Conner-Junke quotes two dissenting judges from the Fifth and Ninth Districts. See Lawrence v. Lawrence, 5th Dist. No. 06-CA-14,2007-Ohio-4634 (Hoffman, J., dissenting), discretionary appeal not allowed, and Green v. Westfield Ntl. Ins. Co., 9th Dist. No. 06CA25-M,2006-Ohio-5057 (Carr, J., dissenting), discretionary appeal not allowed.
[3] Each of these cases, including Bousquet, addressed R.C. 3937.18(I)(1) and an "intra-family" UM exclusion. Calhoun dealt with the same definition as in this case. In the other cases, the UM section defined an uninsured auto as one that was not "owned by" or "available for the regular use of you or any family member" or excluded a person from UM coverage if that person was also excluded from liability coverage.
[4] In September 2000, the legislature removed subdivision (K)(2) when it amended R.C. 3937.18 upon the enactment of S.B. 267. This version of the statute removed the household/intra-family exclusion from the definition of "uninsured motor vehicle" or "underinsured motor vehicle" as used in R.C. 3937.18(K).
The next amendment to R.C. 3937.18 eliminated the requirement of the mandatory offering of UM/UIM coverage. See S.B. 97. The current version of the statute does not contain a provision similar to former R.C. 3937.18(K)(2). However, R.C. 3937.18(I) contains a non-exhaustive list of terms and conditions that insurers may include in their policies to preclude coverage for bodily injury or death that an insured suffers. *Page 1