[Cite as *Custer v. Custer*, 2016-Ohio-561.]

STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

MICHELLE R. CUSTER,        )
        )
   PLAINTIFF-APPELLANT,     )
        )     CASE NO. 15 HA 5
V.        )
        )     OPINION
JOHN A. CUSTER, ET AL.,     )
        )
   DEFENDANTS-APPELLEES.   )

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Civil Appeal from Court of Common Pleas of Harrison County, Ohio Case No. CVC 2012-0021 |
| JUDGMENT: | Affirmed |
| APPEARANCES: | |
| For Plaintiff-Appellant | Attorney Mark C. Lindsey 3412 W. Market St. Akron, Ohio 44333 |
| For Defendants-Appellees | Attorney Edwin J. Hollern 77 North State Street Westerville, Ohio 43081 |

JUDGES:

Hon. Gene Donofrio
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated: February 9, 2016

DONOFRIO, P.J.

{¶1} Plaintiff-appellant, Michelle Custer, appeals from a Harrison County Common Pleas Court judgment granting summary judgment in favor of defendant-appellee, Allstate Fire and Casualty Insurance Company.

{¶2} On May 22, 2010, Mrs. Custer was the passenger in her husband John Custer's vehicle. Mr. Custer lost control of the vehicle and ran into a tree. Mrs. Custer suffered injuries as a result of the accident.

{¶3} At the time of the accident, Mr. Custer's vehicle was insured for liability coverage and uninsured/underinsured (UM/UIM) coverage under a policy with Allstate (the policy). Mrs. Custer made a claim with Allstate to cover her medical expenses, however, her medical expenses exceeded the $2,000 automobile medical payment coverage she had under the policy. Allstate denied liability coverage and UM coverage, citing an intra-family exclusion contained in the policy.

{¶4} Consequently, Mrs. Custer filed a complaint against her husband and Allstate seeking damages and a declaration that she was entitled to coverage under the policy. Allstate filed an answer and counterclaim for a declaratory judgment that the policy did not cover the damages sustained by Mrs. Custer.

{¶5} Allstate then filed a motion for summary judgment. It asserted that the intra-family exclusion set forth in the policy was valid and enforceable and precluded liability coverage for Mr. Custer. It further asserted the vehicle Mr. Custer operated did not meet the definition of "uninsured motor vehicle" and, therefore, Mrs. Custer was not entitled to UM coverage.

{¶6} Mrs. Custer filed a competing summary judgment motion. She alleged that she was entitled to UM coverage because the policy language concerning UM coverage violated R.C. 3937.18(I).

{¶7} The trial court found no genuine issues of material fact existed. It denied Mrs. Custer's summary judgment motion and granted Allstate's summary judgment motion. The court further entered a declaration that Allstate did not owe a defense to Mr. Custer for the underlying complaint and did not owe indemnification for any judgment that might arise as a result of the allegations in the underlying

complaint.

**{¶8}** Mrs. Custer filed a timely notice of appeal on June 1, 2015. She now raises a single assignment of error.

**{¶9}** Mrs. Custer's assignment of error states:

THE TRIAL COURT ERRED IN GRANTING ALLSTATE SUMMARY JUDGMENT DECLARING THAT MRS. CUSTER IS NOT ENTITLED TO UNINSURED MOTORIST COVERAGE BY REASON OF THE INTRA-FAMILY EXCLUSION AND IN DENYING MRS. CUSTER'S MOTION FOR SUMMARY JUDGMENT, BECAUSE THE INTRA-FAMILY EXCLUSION CONFLICTS WITH REVISED CODE SECTION 3937.18'S DEFINITION OF AN UNINSURED MOTORIST, AND IS INCONSISTENT WITH THE PERMISSIBLE NON-OWNED AUTO EXCLUSION.

**{¶10}** An appellate court reviews the granting of summary judgment de novo. *Comer v. Risk*o, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶8. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper.

**{¶11}** A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher*, 9th Dist. No. 27799, 2015-Ohio-4167, ¶8; Civ.R. 56(C). The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts to show that there is a genuine issue of material fact. *Id.*; Civ.R. 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor

of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 1993-Ohio-191, 617 N.E.2d 1129.

{¶12} As to liability coverage, the pertinent policy provisions read:

**General Statement of Coverage**

If a premium is shown on the Policy Declarations for Bodily Injury Liability Coverage and Property Damage Liability Coverage, **Allstate** will pay damages which an **insured person** is legally obligated to pay because of:

1. **Bodily injury** sustained by any person, and

2. damage to, or destruction of, property.

* * *

**We** will defend an **insured person** sued as a result of a covered accident involving an **insured auto.** * * * **We** will not defend an **insured person** sued for damages arising out of **bodily injury** or property damage which are not covered by this policy.

* * *

**Exclusions – What Is Not Covered**

**Allstate** will not pay for any damages an **insured person** is legally obligated to pay because of:

* * *

8. **bodily injury** to any person related to an **insured person** by blood, marriage, or adoption and residing in that person's household.

(Policy pages 7-8).

{¶13} There is no dispute in this case that Mr. Custer was an insured person under the policy. In determining that it would not pay Mrs. Custer's claim under the liability coverage, Allstate relied on the above exclusion. Specifically, Allstate would not pay damages that Mr. Custer, an insured person, was legally obligated to pay because of bodily injury to Mrs. Custer because Mrs. Custer is related to Mr. Custer

by marriage and residing in Mr. Custer's household.

**{¶14}** Since Allstate denied liability coverage due to the intra-family exclusion, Mrs. Custer asserted she was entitled to recover under the UM coverage because the insurer denied liability coverage rendering Mr. Custer's vehicle an uninsured auto.

**{¶15}** As to UM coverage, the policy provides:

**General Statement of Coverage**

If a premium is shown on the Policy Declarations for Uninsured Motorists Insurance, **we** will pay those damages which an **insured person** or an **additional insured person:**

1.   is legally entitled to recover from the owner or operation of an uninsured **auto**

* * *

because of **bodily injury** sustained by an **insured person** or an **additional insured person**.

The **bodily injury** must be caused by accident and arise out of the ownership, maintenance, or use of an **uninsured auto**. * * *

**An Uninsured Auto Is:**

* * *

3.  a **motor vehicle** for which the insurer, other than **Allstate** under this policy, denies coverage or becomes insolvent.

* * *

**An Uninsured Auto Is Not:**

* * *

2.  a **motor vehicle** which is insured under the Automobile Liability Insurance of this policy.

(Policy pages 12-13).

**{¶16}**   Mrs. Custer is also an insured under the policy.  But Allstate denied her UM claim because Mr. Custer's vehicle did not meet the policy's definition of an

"uninsured auto." The policy specifically states that a vehicle insured under the Automobile Liability Insurance of the policy is *not* an uninsured auto. And because Mr. Custer's vehicle was insured under the Automobile Liability Insurance of the policy, it was not an uninsured vehicle under the terms of the policy.

{¶17} Mrs. Custer argues that R.C. 3937.18 does not permit an insurer to sell an insurance policy that provides both liability coverage and UM coverage and then to use an intra-family exception to deny both liability and UM coverage to its insured. She asserts the plain language of the statute imposes certain requirements on UM coverage offered in Ohio. She argues that had the legislature intended to eliminate all requirements on UM/UIM coverage, when amending R.C. 3937.18 in 2001, it would have only included the first paragraph of R.C. 3937.18(A). But instead, it went on to include numerous other sections imposing various requirements on the UM/UIM coverage offered in Ohio.

{¶18} In 2001, the General Assembly amended R.C. 3937.18 to make the provision of UM/UIM coverage permissive. Before that time, UM/UIM coverage was mandatory in any liability policy and could be implied by operation of law.

{¶19} R.C. 3937.18(A) now sets forth that any motor vehicle insurance policy that insures against loss resulting from liability imposed by law for injury or death arising out of the ownership, maintenance, or use of a motor vehicle, may, but is not required to, include UM/UIM coverage. The statute then goes on to address various circumstances involving UM/UIM coverage and certain requirements that may accompany them. Thus, the legislature has retained some control over UM/UIM coverage in Ohio.

{¶20} Mrs. Custer goes on to rely on R.C. 3937.18(B)(2), which provides the statutory definition of "uninsured motorist." She notes that Allstate denied coverage for Mr. Custer here, thereby making him an "uninsured motorist" under R.C. 3937.18(B)(2).

{¶21} R.C. 3937.18(B)(2) defines an "uninsured motorist" as including the owner or operator of a vehicle when the liability insurer denies coverage to the owner

or operator. Reading this sub-section alone, it would seem that Mr. Custer fits the definition of "uninsured motorist" because he was the owner/operator of a vehicle for which Allstate, the liability insurer, denied coverage. But simply because Mr. Custer fits the statutory definition of an uninsured motorist does not automatically lead to the conclusion that Mrs. Custer can recover under the terms of the UM coverage of the policy.

**{¶22}** Mrs. Custer next argues that while R.C. 3937.18(I)(1) expressly permits an insurer to exclude coverage when an insured is operating or occupying a vehicle not specifically covered by the policy then, by implication, if the vehicle is covered by the policy, the insurer cannot exclude coverage. She asserts that to conclude otherwise would render the qualifying language in R.C. 3937.18(I)(1) superfluous.

**{¶23}** Moreover, Mrs. Custer argues this statutory construction is supported by the legislature's action in not reenacting R.C. 3937.18(K)(2). She points out that R.C. 3937.18 was amended on September 21, 2000. In amending the statute, the legislature removed subsection (K)(2), which had provided that "uninsured" and "underinsured" motor vehicles did not include, "[a] motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured." Mrs. Custer argues that because the current version of R.C. 3937.18 does not contain a similar provision, the legislature must have intended not to allow this restriction.

**{¶24}** Pursuant to R.C. 3937.18(I), any insurance policy that includes UM/UIM coverage may "include terms and conditions that preclude coverage for bodily injury or death suffered by an insured under specified circumstances, including but not limited to" the following circumstances. The subsection then lists five circumstances. R.C. 3937.18(I)(1) through (5). One of the circumstances set out in R.C. 3937.18(I) is

> [w]hile the insured is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse, or a resident relative of a named insured, *if the motor vehicle is*

*not specifically identified in the policy under which a claim is made*, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured motorist coverage, underinsured motorist coverage, or both uninsured and underinsured motorist coverages are provided[.]

(Emphasis added); R.C. 3937.18(I)(1).

**{¶25}** Under Mrs. Custer's interpretation of this section, the inclusion of the circumstance where the vehicle is not specifically identified in the policy under which the claim is made operates to exclude the circumstance where the vehicle *is* specifically identified in the policy under which the claim is made. Under Allstate's interpretation, the use of the words "including but not limited to" means that the circumstance where the vehicle is specifically identified in the policy under which the claim is made can be a permissible term to preclude coverage.

**{¶26}** Several other appellate courts have addressed this issue and have found that pursuant to R.C. 3937.18(I), the insurer is permitted to include terms in its policy that preclude coverage where the vehicle is specifically identified in the policy under which the claim is made.

**{¶27}** In *O'Connor-Junke v. Estate of Junke*, 8th Dist. No. 91225, 2008-Ohio-5874, O'Connor-Junke was injured in an accident that her husband negligently caused. The couple was insured by a liability policy that also included UM coverage. The pertinent provisions were identical to those in the present case. The vehicle Junke was operating at the time of the accident was covered by the policy. Allstate was the insurer. It denied coverage to O'Connor-Junke and she filed a complaint. On competing motions for summary judgment, the trial court granted summary judgment to Allstate with respect to the liability portion of the policy but denied summary judgment regarding the application of the exclusion for UM coverage. Allstate appealed.

**{¶28}** On appeal, the Eighth District found that the trial court did not err in granting summary judgment to Allstate on the liability portion of the policy, which

included the intra-family exclusion. *Id.* at ¶12. It then went on to analyze whether the intra-family exclusion in the liability section of the policy combined with the definition of what "an uninsured auto is not" in the UM section acted to defeat coverage when the tortfeasor is a family member and whether this is permitted under R.C. 3937.18.

**{¶29}** The Junke policy specifically provided that for purposes of UM coverage "an uninsured auto is not" a vehicle that is insured under the Automobile Liability Insurance of the policy. *Id.* at ¶14. The court noted that the Junke vehicle was an insured vehicle under the liability section of the policy, thereby UM coverage was precluded under the policy. *Id.* at ¶15.

**{¶30}** O'Connor-Junke argued that the UM policy conflicted with R.C. 3937.18(I)(1) because under that provision family vehicles can be defined as not being "uninsured" but only those vehicles not specifically identified in the policy. *Id.* at ¶18. She also argued the legislature rejected intra-family restrictions by removing R.C. 3937.18(K)'s restrictions when it amended the statute. *Id.*

**{¶31}** The Eighth District pointed out that in 2001, the legislature extensively amended R.C. 3937.18 in S.B. 97, to eliminate the requirement that insurers must offer UM coverage. *Id.* at ¶22. The court then relied on *Snyder v. Am. Family Ins. Co.*, 114 Ohio St.3d 239, 2007-Ohio-4004, 871 N.E.2d 574, ¶15, in stating that after S.B. 97, the exclusions in UM statute now only serve as examples whereas before S.B. 97 conditions that precluded coverage had to conform to the exclusions listed in the statute. *Id.* The court pointed out that,

> in reference to R.C. 3937.18(I), the Supreme Court explained that for the first time, R.C. 3937.18 permits policies with UM coverage ["]to limit or exclude coverage under circumstances that are specified in the policy *even if those circumstances are not also specified in the statute.*" (Emphasis added.) *Id.*, citing R.C. 3937.18(I).

*Id.* at ¶23.

**{¶32}** The court went on to note that the phrase "including but not limited to"

in R.C. 3937.18 indicated that the list of terms and conditions that can preclude coverage is not exhaustive. *Id.* at ¶24, citing *Bousquet v. State Auto Ins. Co.*, 8th Dist. No. 89601, 2008-Ohio-922.

**{¶33}** The court then found that based on the plain language of R.C. 3937.18, there was nothing in the statute that prohibited the type of definition at issue. *Id.* at ¶25. It found that contrary to O'Conner-Junke's argument, "it is clear that R.C. 3937.18 does not provide that UM coverage is mandatory if a vehicle is specifically identified in the policy." *Id.* Additionally, the court stated it agreed with the rationale that when a policy excludes liability coverage, this exclusion would be rendered meaningless if the policy gave coverage back in the UM portion of the policy. *Id.*, citing Gre*en v. Westfield Ntl. Ins. Co.*, 9th Dist. No. 06CA25-M, 2006-Ohio-5057, discretionary appeal not allowed.

**{¶34}** Moreover, the court found that the fact that the legislature removed language from R.C. 3937.18 that had allowed intra-family restrictions (former R.C. 3937.18(K)), did not mean that it now prohibited them. *Id.* at ¶26. It reasoned, "[t]he phrase 'including but not limited to' in the current R.C. 3937.18(I)(1) is determinative." *Id.*

**{¶35}** Therefore, the Eighth District found the trial court erred when it denied Allstate's summary judgment motion regarding UM coverage. *Id.* at ¶29.

**{¶36}** And in *Howard v. Howard*, 4th Dist. No. 06CA755, 2007-Ohio-3940, ¶15, Mrs. Howard argued on appeal that the legislature's action in not re-enacting a provision similar to former R.C. 3937.18(K)(2) reflected its intent to prohibit such intra-family restrictions. The Fourth District disagreed. It reasoned that "the statute's plain language, with its use of the phrase 'including but not limited to,' indicates that the list of 'terms and conditions' that may preclude coverage is not exhaustive." *Id.* at ¶19. In other words, "simply because the statute does not list the exception that appellee seeks to enforce in the case at bar does not mean that it constitutes an impermissible exception." *Id.* at ¶20.

**{¶37}** Similarly, in *Wertz v. Wertz*, 6th Dist. No. H-06-036, 2007-Ohio-4605,

Mrs. Wertz was injured in an accident while she was a passenger in a vehicle owned and operated by her husband. Mr. Wertz and the vehicle were insured under a policy issued by American Standard that included UM coverage with an intra-family exclusion. The exclusion provided that an "uninsured motor vehicle" does not include a vehicle "Owned by or furnished or available for the regular **use** of **you** or any resident of **your** household." *Id.* at ¶¶9-10. Mrs. Wertz filed a complaint against American Standard and the parties filed summary judgment motions. The trial court held that the intra-family exclusion in the policy was against Ohio's public policy and was unenforceable under R.C. 3937.18. American Standard appealed.

**{¶38}** The Sixth District reversed. In doing so, it relied in part on *Howard*, 4th Dist. No. 06CA755, and *Snyder*, 114 Ohio St.3d 239. It pointed to *Howard's* finding that the legislature could have determined that a provision similar to former R.C. 3937.18(K)(2) was unnecessary in light of the non-exclusive list of terms and conditions that insurers may include in the policies under current R.C. 3937.18(I). *Id.* at ¶20. The court also relied on *Snyder's* comments on R.C. 3937.18(I) that the statute permits policies with UM coverage to limit or exclude coverage under circumstances that are specified in the policy even if those circumstances are not also specified in the statute. *Id.* at ¶21, citing *Snyder*, at ¶15. Thus, the court concluded, "we believe that the Supreme Court of Ohio would find the intra-family exclusion enforceable under the current UM coverage statute." *Id.*

**{¶39}** Other appellate districts have also held that R.C. 3937.18 does not prevent an insurer from excluding UM coverage by the terms of the policy in a manner not specifically identified in R.C. 3937.18(I). See *Calhoun v. Harner*, 3d Dist. No. 1-06-97, 2008-Ohio-1141 (plain language of R.C. 3937.18 "permits insurers to include 'terms and conditions' in a policy that preclude UM coverage under circumstances other than those listed in the statute, as long as the circumstances are specified in the policy."); *Green v. Westfield Natl. Ins. Co.*, 9th Dist. No. 06CA0025-M, 2006-Ohio-5057 ("language chosen by the legislature necessarily means that an insurer is allowed to include terms and conditions which preclude UM/UIM coverage

for circumstances other than those listed in the statute, provided they are specified within the policy.").

{¶40} We agree with our sister districts that have addressed this issue. R.C. 3937.18 permits an insurer to exclude UM coverage for circumstances specifically listed in the policy even if those circumstances are not set out in the statute. This includes the circumstance in this case where the policy specifically excludes UM coverage for "a motor vehicle which is insured under the Automobile Liability Insurance of this policy." Therefore, the trial court properly granted summary judgment in Allstate's favor.

{¶41} Accordingly, Mrs. Custer's assignment of error is without merit.

{¶42} For the reasons stated above, the trial court's judgment is hereby affirmed.

DeGenaro, J., concurs.

Robb, J., concurs.